Lynn, J.,
concurring in part and dissenting in part. Because I conclude that no reasonable jury could find beyond a reasonable doubt that the images in exhibits 1 through 15 depict individuals under the age of 18, and because, in my view, this evidentiary deficiency is of sufficient magnitude to constitute plain error, I would reverse the defendant’s convictions on all the charges based on these images. I thus concur in the majority’s reversal of the convictions based on exhibits 1-3, 7, 9-12, and 15, but dissent from its affirmance of the conviction's based on exhibits 4-6, 8, and 13-14.
The majority properly recognizes that there are limits to our observation in State v. Cobb, 143 N.H. 638 (1999), that “[t]he determination of the age of the subjects in [a] photograph is for the trier of fact, relying on everyday observations and common experiences.” Cobb, 143 N.H. at 646 (quotation omitted). Despite this statement, we cannot simply defer to the jury’s determination of age under any and all circumstances. Rather, we retain an independent responsibility to review the evidence to determine whether it provides a basis upon which a reasonable jury could have found guilt beyond a reasonable doubt.
For the reasons stated by the majority, I agree with its conclusion that no reasonable jury could have found guilt beyond a reasonable doubt with respect to exhibits 1-3, 7, 9-12, and 15. However, unlike the majority, I am not persuaded that the images depicted in the other six exhibits meet the beyond a reasonable doubt standard. Having reviewed exhibits 1 through 15,1 readily acknowledge that it is possible the individuals depicted in these images are under the age of 18. Indeed, with respect to some of the images (exhibit 5, for example), I would even concede that it is probable the individual is under 18. But, in the absence of any probative evidence of age aside from the images themselves, I do not see how a reasonable jury could be left with nothing more than a frivolous or fanciful doubt that the individuals are 18 or older. See State v. Wentworth, 118 N.H. 832, 839 (1978) (reciting model reasonable doubt jury instruction). In short, in my view, the jury’s determination that any of the individuals depicted in exhibits 1 through 15 is in fact under age 18 must rely on a degree of speculation that is fundamentally at odds with the standard of fact-finder confidence sufficient to support a criminal conviction.
*276 I therefore, respectfully, in part concur with, and in part dissent from, the judgment of the court.